IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERT P. HYATT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW HIRSHFELD, Performing the Functions and Duties of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br><br>　　　　　　Defendant. | Civil Action No. 05-2310 (RCL)<br>Civil Action No. 09-1864 (RCL)<br>Civil Action No. 09-1869 (RCL)<br>Civil Action No. 09-1872 (RCL) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED PRETRIAL STATEMENT

In accordance with LCvR 16.5(e) and the parties' proposed pretrial schedule, Plaintiff respectfully submits this response to the Defendant's Pretrial Statement (August 13, 2021, ECF No. 286).

**1. Plaintiff's Response to Defendant's Statement of the Case**

As Mr. Hyatt explained in his Amended Pretrial Statement, he intends to put on evidence showing that his actions prosecuting the four patent applications here, as well as his conduct prosecuting his patent applications generally, were reasonable, explained, and supported by legitimate, affirmative reasons. Mr. Hyatt further intends to put on evidence that the PTO was not, in fact, prejudiced by any of his prosecution actions because it was not engaged in a good-faith examination of his applications, but was instead delaying examination and affirmatively preventing issuance of his patent applications. In the process, Mr. Hyatt intends to show that any alleged delay is the responsibility of the PTO, not him, and

that the PTO is not entitled to equitable relief for the additional reason that it has acted inequitably and with unclean hands. Finally, Mr. Hyatt intends to controvert much of the evidence adduced by Defendant in its case-in-chief, as well as to challenge the credibility of Defendant's witnesses and documentary evidence. All of these evidentiary bases are well within the norm for the party presenting a defense case, as Mr. Hyatt will do with regard to prosecution laches.

In contrast, Defendant's Amended Pretrial Statement presumes that the United States Court of Appeals for the Federal Circuit acted as a fact-finder in its decision vacating this Court's prior judgment on partial findings. But "a defendant in a non-jury trial who…is granted a directed verdict subsequently reversed on appeal, shall upon remand be afforded an opportunity to present evidence as if the verdict had been denied by the district court." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW v. Mack Trucks, Inc.*, 917 F.2d 107, 110 (3d Cir. 1990). In this regard, Mr. Hyatt is entitled to present his *entire* case, including by challenging evidence formerly found sufficient to get the plaintiff past the directed-verdict stage. *Id.* at 110–11. PTO is therefore wrong to suggest that the Federal Circuit found that it had proven prosecution laches or that Mr. Hyatt's conduct constituted an abuse of the patent system (or anything else). Instead, at best, the Federal Circuit found that PTO presented evidence establishing various elements of prosecution laches sufficient to require Mr. Hyatt to present his defense case.

In accordance with the PTO's erroneous view of the case, much of Defendant's Amended Pretrial Statement contends that Mr. Hyatt is limited in presenting evidence due to its perception of how the Federal Circuit would view the weight of relevant evidence that Mr. Hyatt has yet to introduce, such as percipient witness testimony (something of which

2

the PTO presented precious little in its case-in-chief) concerning the PTO's conduct. But this Court should not be placed in the position of prejudging relevant evidence without it being admitted. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from facts" are functions of the finder-of-fact). Instead, Mr. Hyatt should be allowed relevant, non-cumulative evidence in his defense case, with this Court as the trier-of-fact then determining what weight to afford that evidence. *See Blake v. Ross*, 667 F. App'x 408, 409 (4th Cir. 2016) (quoting *United States v. Manbeck*, 744 F.2d 360, 392 (4th Cir. 1984)) ("It is axiomatic that it is the role of the factfinder, not the appellate court, to…weigh the evidence"); *see also In re Pfizer Inc. Sec. Litig.*, No. 04CIV.9866(LTS)(JLC), 2010 WL 1047618, at *2 (S.D.N.Y. Mar. 22, 2010), *as amended* (Mar. 29, 2010) (citing *In re Joint E. & S. Dist. Asbestos Litig.*, 52 F.3d 1124, 1133 (2d Cir.1995)) (courts cannot "prejudge the weight" of evidence, only the finder-of-fact may determine weight).

### 2. Objections and Counter-Designations to Defendant's Deposition Designation

Mr. Hyatt hereby offers the following objections to Defendant's designations of his deposition testimony. Unless otherwise stated, objections made on the record during the deposition are not being asserted by Mr. Hyatt:

| PTO Designation | Objections |
|---|---|
| 10:8–11:17, 144:2–9, | Relevance as to the licensing of patents. |
| 26:13–30:6, 37:22–39:3, 41:1–7, 41:18–42:21, 48:9–20, 49:5–50:14, 52:22–53:6, 148:18–146:14, 218:7–221:14 | Relevance as to Mr. Hyatt's use of attorneys with respect to his patent applications. |
| 59:12–60:7 | Attorney-client privilege and attorney work product protection. |
| 104:17–105:8 | Objection as noted on record. |

| | |
|---|---|
| 130:10–14 | Relevance as to Mr. Hyatt's opinion regarding impact of statutory changes related to GATT |
| 156:3–159:16, 160:18–162:12 | Calls for speculation and lacks foundation. Because seeks information about PTO processes. |
| 160:18–162:12 | Calls for speculation, improper hypothetical, and lacks foundation because it seeks information for effect of actions Mr. Hyatt could have taken. |
| 222:9–226:11 | Relevance as to Mr. Hyatt's use of attorneys and a corporate entity with respect to his patent applications. |

Plaintiff hereby offers the following counter-designations to Defendant's designation of Mr. Hyatt's testimony:

> 13:19–14:15, 14:9–16, 14:19–15:3, 16:3–6, 77:15–78:2, 104:17–105:8, 110:10–17, 110:20–111:18, 111:20–113:8, 117:7–9, 117:13 (start at "Do you recall")–118:20, 119:17–20, 120:1–122:11, 126:10–127:5, 127:8–9, 127:20–128:9, 136:12–16, 141:2–9, 146:15–147:2, 147:20–148:4, 150:12–152:6, 152:21–153:2, 153:5–12, 154:9–17, 162:13–163:5, 186:21–187:12, 233:6–234:8, 234:10–11, 234:17–22, 236:1–7, 244:1–245:3.

The following designations are conditional designations being offered in the event Mr. Hyatt's objections regarding the relevance with respect to his use of attorneys are overruled:

> 31:16–32:14, 32:16–33:3, 33:5–7, 39:4–12, 42:22–43:7, 44:6–12, 45:3–46:3, 51:3–17, 51:20–22.

The following designations are conditional designations being offered in the event Mr. Hyatt's objections regarding the relevance with his respect to his licensing patent applications are overruled: 142:15–143:1.

4

### 3. Objections to Defendant's Exhibits

Plaintiff hereby offers the following objections to Defendant's Exhibits:

| Exhibit | Objections |
|---|---|
| Exhibit 234 | Lacks foundation, FRE 1006, FRE 106 |
| Exhibit 236 | Lacks foundation, hearsay, relevance, FRE 1006, FRE 106 |
| Exhibit 237 | Lacks foundation, hearsay, and FRE 1006 |
| Exhibit 238 | Relevance |
| Exhibit 1486 | Hearsay |
| Exhibit 1566 | Hearsay |
| Exhibit 1569 | Hearsay |
| Exhibit 1570 | Hearsay |
| Exhibit 1588 | Hearsay |
| Exhibit 1592 | Hearsay |
| Exhibit 1607 | Hearsay |
| Exhibit 1617 | Lacks foundation, hearsay, relevance |
| Exhibit 1618 | Lacks foundation, hearsay, relevance |
| Exhibit 1628 | Relevance, FRE 403 |
| Exhibit 1629 | Relevance, FRE 403 |
| Exhibit 1630 | Relevance, FRE 403 |
| Exhibit 1631 | Relevance, FRE 403 |
| Exhibit 1639 | Hearsay |

For the avoidance of doubt, Plaintiff objects to all expert reports prepared by Stephen Kunin as hearsay. Plaintiff also reserves the right to make further objections to the use of Defendant's exhibits at trial, including (but not limited to) foundational issues with a wit-

ness, hearsay within hearsay objections, and other objections that could not be raised until presentation of the exhibit during trial. Plaintiff reserves the right to object to demonstrative exhibits until those demonstratives are provided by Defendant.

Dated: September 10, 2021

Respectfully submitted,

/s/ Andrew M. Grossman
ANDREW M. GROSSMAN
  (D.C. Bar No. 985166)
MARK W. DELAQUIL
  (D.C. Bar. No. 493545)
PAUL M. LEVINE
  (D.C. Bar No. 999320)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
(202) 861-1657
agrossman@bakerlaw.com

*Counsel for Mr. Hyatt*

**Certificate of Service**

I hereby certify that, on September 10, 2021, I filed the foregoing with the Clerk of the Court using the Court's CM/ECF system. All counsel of record will be served through the Court's CM/ECF system.

Dated: September 10, 2021                /s/ Andrew M. Grossman
                                         ANDREW M. GROSSMAN